UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRUCE DEWITT,

    Plaintiff,

v.                                             Case No:   2:17-cv-61-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court on Plaintiff Bruce Dewitt's Complaint (Doc. 1) filed on January 31, 2017. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, disability insurance benefits, and supplemental security income. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. In addition, Plaintiff filed a Response (Doc. 30) on November 15, 2017. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to §205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.  Social Security Act Eligibility, the ALJ's Decision, and Standard of Review**

    **A.  Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.

The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On April 4, 2013, Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income, asserting an onset date of May 30, 2011. (Tr. at 87, 196-211). Plaintiff subsequently amended his onset date to March 21, 2012. (*Id.* at 290-91). Plaintiff's applications were denied initially on May 15, 2013 and upon reconsideration on September 3, 2013. (*Id.* at 87, 88, 107, 108). A hearing was held before Administrative Law Judge ("ALJ") Lisa B. Martin on September 11, 2015. (*Id.* at 26-54). The ALJ issued an unfavorable decision on September 21, 2015. (*Id.* at 12-20). The ALJ found Plaintiff not to be under a disability from May 30, 2011, through the date of the decision. (*Id.* at 24-25).

On December 7, 2016, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-5). Plaintiff filed a Complaint (Doc. 1) in this Court on January 31, 2017. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 20). This case is ripe for review.

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir.

2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the residual functioning capacity ("RFC") to perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2016. (Tr. at 14). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 21, 2012, the alleged onset date. (*Id.*). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "degenerative disc disease, shoulder strain, history of pancreatitis, diabetes mellitus, essential hypertension, and obesity (20 [C.F.R. §§] 404.1520(c) and 416.920(c))." (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (*Id*. at 15).

At step four, the ALJ found the following:

> [T]he claimant has the residual functional capacity to perform a full range of light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b), except for the following additional restrictions. The claimant needs a change of position opportunity as often as every 45 minutes for 1-2 minutes. He must not perform ladders, ropes or scaffolds climbing [sic], and is limited to occasional postural motions otherwise. He must avoid all exposure to dangerous work hazards

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

3

>   (unprotected heights and exposed moving machinery), and all exposure to extreme heat, humidity and cold conditions. He is limited to detailed, but uninvolved tasks not requiring a fast assembly quota pace.

(*Id.*).

The ALJ determined that Plaintiff was unable to perform his past relevant work as a truck driver. (*Id.* at 18). The ALJ considered Plaintiff's age, education, work experience, and residual functional capacity, and found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (*Id.*). The ALJ noted that the vocational expert identified the following representative occupations that Plaintiff was able to perform: (1) parking lot cashier, DOT # 211.462-018, light, unskilled work with an SVP of 2; (2) self-service cashier, DOT # 211.462-010, light, unskilled work with an SVP of 2; and (3) shipping and receiving weigher, DOT # 222.387-074, light, unskilled work with an SVP of 2. (*Id.* at 19).[2] The ALJ concluded that Plaintiff was not under a disability from May 30, 2011, through the date of the decision. (*Id.*).

## II.     Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## III. Analysis

On appeal, Plaintiff raises two (2) issues. As stated by Plaintiff, they are:

1) The ALJ misconstrued the evidence of record when she concluded that the Plaintiff was only on insulin "for a time" after his onset date; that his diabetes was controlled by oral medications; and that the Plaintiff was asymptomatic. This error impacted ultimate findings in Plaintiff's case warranting reversal and remand.

2) The ALJ's assessment of Plaintiff's credibility is not supported by substantial evidence because the ALJ misconstrued the evidence of record and failed to make accurate and specific findings regarding the "type, dosage, effectiveness, and side effects" of Plaintiff's diabetes medications, as required pursuant to 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv).

(Doc. 24 at 3). The Court addresses each issue in turn.

### A. The ALJ's Construction of the Evidence

Plaintiff argues that the ALJ incorrectly concluded that Plaintiff's use of insulin was only "for a time" period near to the onset date and that thereafter his diabetes was controlled by oral medications. (*Id.* at 7). Relatedly, Plaintiff claims that the ALJ incorrectly found that Plaintiff

5

was asymptomatic since July 2015.  (*Id.*).  The Commissioner responds that even if the ALJ erred in describing Plaintiff's insulin usage, the error was harmless.  (*Id.* at 9).  Further, the Commissioner asserts that the relevant question is not whether Plaintiff used medication or the type of medication he used, but whether the limitations from his impairments or treatment rendered him disabled.  (*Id.* at 10).  The Commissioner claims that Plaintiff failed to prove his allegations of disabling symptoms from diabetes or the side effects from treatment.  (*Id.*).

In the decision, the ALJ stated, "The claimant testified that he stopped work when he was laid off in 2011 and could not return to work driving trucks because he was [i]nsulin dependent; however, the claimant said in 2013 that he was no longer insulin dependent, having been moved to oral medications (3F/1)."  (Tr. at 16).  In addition, the ALJ stated, "As noted above, the claimant was diagnosed and treated for type-II diabetes beginning around the original alleged onset date, and was insulin dependent for a time; however, since that time, he has moved to oral medications, and reported no symptoms in July of 2015."  (*Id.* at 17).

Plaintiff argues that the ALJ misstated the evidence of record.  (Doc. 24 at 7).  Plaintiff cites to the record as showing that on March 21, 2012, Plaintiff was diagnosed with diabetes, and discharged from the hospital with insulin.  (*Id.* at 7 (citing Tr. at 307, 308, 316)).  Plaintiff then asserts that his insulin was discontinued on May 14, 2012 with the plan being to control the diabetes with oral medications.  (Doc. 24 at 7 (citing Tr. at 372, 375)).  Plaintiff claims that these attempts to control the diabetes with oral medications proved unsuccessful and ultimately on December 31, 2013, Plaintiff's diabetes was assessed as uncontrolled.  (Doc. 24 at 8 (citing Tr. at 300, 303, 345, 355, 364, 365, 381, 512, 513)).  Plaintiff states that on April 2, 2014, he was re-prescribed insulin along with oral medications to attempt to control his diabetes.  (Doc. 24 at 8 (citing Tr. at 501)).  Plaintiff asserts that from this date through the date of the ALJ's hearing,

6

Plaintiff's diabetes treatment consisted of prescription oral medications and insulin. (Doc. 24 at 8 (citing Tr. at 32-34, 37-40, 499, 501)). The Commissioner does not contest that the ALJ misconstrued Plaintiff's medication regimen.

Plaintiff contends that the ALJ's statement that Plaintiff controlled his diabetes through oral medications rather than with insulin warrants an automatic remand. (Doc. 24 at 8). The Court disagrees. Even if the ALJ misconstrued Plaintiff's medication regimen, the Court must consider whether the ALJ's ultimate conclusion is supported by substantial evidence regardless of this error. *See Wilson v. Comm'r of Soc. Sec.*, 500 F. App'x 857, 859-60 (11th Cir. 2012). If the ALJ's decision is supported by substantial evidence regardless of the error, then the error is considered harmless and the decision must be affirmed. *Id.* Thus, the Court will turn to the next issues raised by Plaintiff to determine if the ALJ's ultimate decision is supported by substantial evidence.

B.    **Credibility and RFC**

Plaintiff asserts that the ALJ failed to consider all of Plaintiff's symptoms by failing to consider the "'type, dosage, effectiveness, and side effects of any medications'" Plaintiff takes, citing 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv). (Doc. 24 at 8-9). Plaintiff argues that by this failure, the ALJ premised her decision on incorrect facts and, consequently, the ALJ's credibility finding and RFC are flawed. (*Id.* at 9). The Commissioner asserts that the ALJ found the record as a whole did not support Plaintiff's allegations of disabling limitations. (Doc. 25 at 4). Further, the Commissioner states that even though the ALJ did not include limitations for all of Plaintiff's subjective complaints in the RFC, the ALJ did include some limitations such as precluding any climbing of ladders, ropes, or scaffolds in the RFC based upon Plaintiff's

subjective complaints. (*Id*. at 4-5). The Court first addresses Plaintiff's issue regarding credibility and then turns to the issues surrounding the RFC findings.

### 1. Credibility

Plaintiff argues that the ALJ erred in misconstruing the evidence and the ALJ's incorrect conclusions led to a flawed credibility finding. (Doc. 24 at 9). The Commissioner asserts that the ALJ considered Plaintiff's subjective complaints and provided reasons for her findings. (*Id.* at 6).

To support his argument, Plaintiff cites to his many unsuccessful attempts to control his diabetes with medication from May 14, 2012 through April 21, 2014. (*Id.* at 9-10). Plaintiff argues that despite the foregoing, the ALJ misconstrued Plaintiff's medications indicating that Plaintiff took only oral medication for his diabetes and that this medication controlled his condition. (*Id.* at 10). Plaintiff asserts that on April 21, 2014, Plaintiff was re-prescribed insulin, which on occasion caused his glucose levels to fall into the hypoglycemic range. (*Id.* at 11). Plaintiff claims that the ALJ ignored Plaintiff's testimony regarding these hypoglycemic episodes. (*Id.* at 12). Plaintiff also argues that due to the ALJ misconstruing Plaintiff's medications and ignoring Plaintiff's uncontrolled diabetes symptoms, the ALJ could not have properly considered Plaintiff's symptoms. (*Id.* at 12-13).

Conversely, the Commissioner argues that the ALJ considered Plaintiff's testimony as to his symptoms and side effects from medications together with the other evidence of record in evaluating Plaintiff's credibility. (Doc. 25 at 4). The Commissioner asserts that the ALJ noted Plaintiff's symptoms, but also noted that Plaintiff did not report these symptoms to his medical providers. (*Id.*).

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: (1) evidence of an underlying medical condition; and (2) objective medical evidence either (a) confirming the severity of the alleged symptom or (b) indicating that the determined medical condition could reasonably be expected to give rise to the alleged symptom. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). After an ALJ has considered a plaintiff's complaints, the ALJ may reject them as not credible, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)). If an ALJ discredits the subjective testimony of a plaintiff, then she must "articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225 (internal citations omitted). Nevertheless, in reviewing credibility, the Eleventh Circuit has stated that "[t]he question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

When evaluating a plaintiff's subjective symptoms, an ALJ must consider such factors as: "(1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; (5) treatment or measures taken by the claimant for relief of symptoms; and other factors concerning functional limitations." *Moreno*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562.

In the decision, the ALJ found Plaintiff's testimony regarding his functional restrictions to be partially credible and also found that none of Plaintiff's allegations were sufficient to support a complete inability to work. (Tr. at 16). The ALJ summarized Plaintiff's testimony that Plaintiff was laid off in 2011 and could not return to his past relevant work as a truck driver because of his insulin dependence. (*Id.*). Twice, the ALJ erroneously stated that after 2013, Plaintiff was no longer insulin dependent and was taking only oral medications. (*Id.* a 16, 17). However, the ALJ correctly noted twice that Plaintiff testified "to dizziness, headaches, nausea, balance difficulties, and shortness of breath on exertion, but did not report any symptoms at his most recent [July 27, 2015] diabetes and hypertension check-up." (*Id.* at 16, 17, 432). The ALJ also correctly noted that at this July 27, 2015 visit, Plaintiff claimed to be feeling well and reported no symptoms. (*Id.*).

In the instant case, it is uncontested that the ALJ misconstrued a portion of the evidence concerning Plaintiff's medications—specifically Plaintiff's more recent use of insulin as well as other oral medications to control his diabetes. (*Id.* at 16, 17). The issue becomes whether this error was harmless as it relates to the credibility determination. Plaintiff argues that because the ALJ erred in the "type, dosage, effectiveness and side effects of any medication," the ALJ erred in Plaintiff's credibility determination. (Doc. 24 at 10-11). The medical records indicate that at some visits, Plaintiff's blood sugar level was not under control and, at times the medical providers adjusted Plaintiff's medications. (*See e.g.*, Tr. at 364, 371, 372, 382, 501). As cited by Plaintiff, Plaintiff complained to his medical providers only one time that he suffered from hypoglycemia, but this medical record does not reflect any symptoms due to this condition. (*Id.* at 488). In making her credibility determination, the ALJ noted that Plaintiff testified as to his symptoms of dizziness, nausea, fatigue, shortness of breath, and chest pains, but also noted that

Plaintiff failed to report any of these symptoms to his medical providers. (*Id.* at 16). The ALJ also noted that Plaintiff's most recent visit to a medical provider showed Plaintiff did not report any symptoms and that he reported he was feeling well. (*Id.*). The ALJ articulated clear and precise reasons why she found Plaintiff's testimony as to functional restrictions only partially credible. She relied on the medical evidence of record that does not fully support Plaintiff's testimony as to his symptoms. (Tr. at 16, 17). Although the ALJ mischaracterized a portion of Plaintiff's medication history, she considered Plaintiff's subjective complaints and testimony and clearly articulated her reasons for partially discrediting them. The Court finds that the ALJ's mischaracterization of a portion of the medical evidence as to Plaintiff's medications is harmless error as it relates to the determination of Plaintiff's credibility. *Pichette v. Barnhart*, 185 F. App'x 855, 856 (11th Cir. 2006) (holding that a remand is not warranted when an ALJ commits harmless error). The Court also finds that the ALJ was not clearly wrong in partially discrediting Plaintiff's subjective testimony. *Werner*, 421 F. App'x 935, 939 (11th Cir. 2011). Accordingly, the Court finds that the ALJ's decision as to Plaintiff's credibility is supported by substantial evidence.

### 2. Residual Functional Capacity

Plaintiff argues that the ALJ's improper credibility assessment led to a flawed RFC assessment because the ALJ failed to consider all of Plaintiff's symptoms such as medication side-effects and hypoglycemic episodes that impact Plaintiff's ability to work. (Doc. 24 at 13). Plaintiff claims that the ALJ failed to consider the need for additional rest periods, unscheduled breaks, and/or intermittently working less than eight-hour shifts due to a drop in glucose levels. (*Id.* at 14). Plaintiff also claims that the ALJ failed to consider Plaintiff's testimony that he experienced low blood sugar levels once or twice a month and these episodes caused him to take

candy to raise his blood sugar level and then he would need to sleep for one to two hours after each episode. (*Id.* at 14-15).

The Commissioner contends that the ALJ considered Plaintiff's allegations of subjective symptoms and side effects and explained that the record as a whole does not support Plaintiff's alleged disabling limitations. (Doc. 25 at 4). In addition, the ALJ included limitations in the RFC for some of Plaintiff's subjective limitations. (*Id.* at 4-5).

At the fourth step in the evaluation process, the ALJ is required to determine a claimant's RFC and, based on that determination, to decide whether the claimant is able to return to his or her previous work. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of a claimant's RFC is within the authority of the ALJ and – along with the claimant's age, education, and work experience – the RFC is considered in determining whether a plaintiff can work. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). The RFC is the most a plaintiff is able to do despite his physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). In determining whether Plaintiff can return to his past relevant work, the ALJ must determine the Plaintiff's RFC using all of the relevant medical and other evidence in the record. *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004); 20 C.F.R. § 404.1520(e).

As stated above, the ALJ misconstrued a portion of Plaintiff's medication history here. (Tr. at 16, 17). That said, the issue becomes whether this error was harmless in the determination of Plaintiff's RFC. Even though the ALJ found Plaintiff's testimony as to his functional limitations only partially credible, the ALJ considered Plaintiff's symptoms of dizziness and fatigue when crafting Plaintiff's RFC. (*Id.*). Specifically, due to these as well as other complaints, the ALJ limited Plaintiff's RFC by precluding any climbing of ladders, ropes, or scaffolds, and further limited Plaintiff to no more than occasional postural motions. (*Id.*).

Due to Plaintiff's testimony as to the side-effects of his medications and his symptoms, the ALJ limited Plaintiff's RFC to prohibiting exposure to dangerous work hazards such as unprotected heights and exposed moving machinery, as well as extreme heat, humidity and cold conditions. (*Id.*). Finally, the ALJ acknowledged that because Plaintiff's medications' side effects and symptoms "could limit his ability to concentrate and focus," the ALJ limited Plaintiff to work involving detailed, but uninvolved tasks not requiring a fast assembly quota pace. (*Id.*). With these limitations, it is clear that the ALJ considered Plaintiff's testimony as to his symptoms and side-effects of his medications and, even though the ALJ did not find Plaintiff's testimony as to his limitations fully credible, the ALJ included limitations in the RFC based upon Plaintiff's testimony of his limitations. Thus, the Court finds that even though the ALJ mischaracterized a portion of Plaintiff's medication history, the ALJ considered the medical evidence of record as well as Plaintiff's subjective testimony as to his symptoms and included limitations in the RFC that were supported by the record. The Court further finds the ALJ's RFC findings supported by substantial evidence and any mischaracterization of the evidence was harmless error. *Pichette*, 185 F. App'x at 856.

## IV. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence and decided upon proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on January 16, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties